UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-2-11
```

SLEP-TONE ENTERTAINMENT
CORPORATION,

                          Plaintiff,                         11 Civ. 4657(PKC)

        -against-

                                                                 MEMORANDUM
                                                               AND ORDER

KEATS KAOROKE, et al.,

                          Defendants.
----------------------------------------------------------x

CASTEL, District Judge:

        Slep-Tone Entertainment Corporation ("Slep-Tone") brings this action against two dozen or so alleged "Karaoke Jockeys" who are alleged to have used counterfeit versions of high-quality karaoke accompaniment tracks that Slep-Tone alleges it invested over $18 million to create. More specifically, Slep-Tone alleges that it holds U.S. Trademark Registration No. 1,923,448 for the trademark "Sound Choice," and U.S. Trademark Registration No. 2,000,725 for a display trademark using the Sound Choice trademark. The trademarks are displayed on a graphics portion of the recording that displays the lyrics to the song. Plaintiff asserts claims under sections 32 and 43(a) of the Lanham (Trademark) Act of 1946, 15 U.S.C. §§ 1114 & 1125(a).

        Defendant Alden Entertainment, Ltd ("Alden"), sued as John Alden d/b/a Alden Karaoke, now moves to dismiss the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim for relief. For the reasons discussed, the motion is denied.

## THE COMPLAINT

        Slep-Tone alleges ownership of the above trademarks. (Compl. ¶¶ 47-49.) It alleges that its "investigators observed each of the Defendants possessing, using, or authorizing

or benefiting from unauthorized counterfeit copies of at least one work bearing the Sound Choice Marks." (Id. ¶ 50.) It alleges that in connection with a karaoke show "[d]efendant JOHN ALDEN d/b/a ALDEN KARAOKE repeatedly displayed the Sound Choice Marks without right or license." (Id. ¶ 91.)

## LEGAL STANDARD

Defendants move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Rule 8(a)(2), Fed R. Civ. P., requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (ellipsis in original)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide the grounds upon which the claims rest through factual allegations sufficient to raise a right to relief above the speculative level. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1949-50.

In ruling on a motion to dismiss, the Court must draw all reasonable inferences in the plaintiff's favor and accept as true all well-pleaded factual allegations in the complaint. In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam).

2

## DISCUSSION

Defendant Alden concedes that "the predicament that Slep-Tone complains of may be worth of consideration" but argues that its "resolution does not come by way of trademark law." (D. Mem. 6.) "A claim of trademark infringement . . . is analyzed under [a] familiar two-prong test[.] . . . The test looks first to whether the plaintiff's mark is entitled to protection, and second to whether [the] defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." Virgin Enters., Ltd. v. Nawab, 335 F.3d 141, 146 (2d Cir. 2003) (citing Gruner + Jahr USA Publ'g v. Meredith Corp., 991 F.2d 1072, 1074 (2d Cir.1993)). Here, defendant Alden raises no issue as to the trademarks' entitlement to protection. Alden argues instead that the "likely confusion" prong cannot be met because there is no claim that the karaoke tracks are anything but genuine products originating with the plaintiff. Alden relies on case law that "[a]s a general rule, trademark law does not reach the sale of genuine goods bearing a trademark even though the sale is not authorized by the mark owner." (D.Mem 6.) (citing Tiffany (NJ) Inc. v. eBay, Inc., 576 F. Supp. 2d 463, 471[1] (S.D.N.Y. 2008) (citing Polymer Tech Corp. v. Mimran, 975 F.2d 58, 61-62 (2d Cir. 1992))). The principle is good law but does not defeat the allegations of this complaint.

This complaint alleges that in providing karaoke services to consumers in commerce, defendant employed a counterfeit copy of at least one work of the plaintiff bearing its trademark. (Compl. ¶ 50.) Plaintiff has stated a claim for trademark infringement.

Section 43(a) of the Lanham Act prohibits a person from using "any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion . . . as to the origin, sponsorship, or approval of [the producer's] . . . goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A). Plaintiff alleges that "[t]he display of

---

[1] The discussion and citation do not appear on page 471; instead see Tiffany (NJ), 576 F. Supp at 473.

the Sound Choice Marks is likely to cause confusion or to cause mistake, or to deceive those present during the display, in that those present are likely to be deceived into believing, falsely, that Slep-Tone sponsored or approved the Defendants' services and commercial services" or "that the works being performed were sold by SLEP-TONE and purchased by Defendants." (Compl. ¶¶ 118-119.) In the context of the other allegations of the Complaint, these allegations plausibly allege a violation of section 43(a).

## CONCLUSION

Defendants' motion to dismiss is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 1, 2011

4